IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD D. PARKELL, | : |
| Plaintiff, | : |
| v. | : C.A. No. 17-157-LPS |
| DAVID PIERCE, et al., | : |
| Defendants. | : |

## **MEMORANDUM ORDER**

Pending before the Court are Plaintiff's motion to certify a class (D.I. 49) and Defendants' motion for reargument (D.I. 54) and motion to dismiss for failure to state a claim (D.I. 59). Having reviewed the parties' briefing (D.I. 49, 54, 57, 59, 61, 62), IT IS HEREBY ORDERED that:

1. Plaintiff's motion to certify a class (D.I. 49) is DENIED without prejudice. Plaintiff is granted leave to refile the motion at a time consistent with the parties' stipulation. (*See* D.I. 55) (stipulating to extend briefing "until such time as agreed by the parties and/or ordered by the Court")

2. Defendants' motion for reargument (D.I. 54) is DENIED as moot; the Third Amended Complaint ("TAC") is no longer the operative pleading.

3. Defendants' motion to dismiss (D.I. 59) is GRANTED IN PART and DENIED IN PART.

    a. Defendants' motion is GRANTED with respect to Plaintiff's Eighth Amendment medical care claim.

The Court provided an extensive discussion[1] of the state of the case and Plaintiff's TAC in its June 22, 2018 Memorandum Opinion ("Opinion"). (D.I. 50) In that Opinion, the Court dismissed Plaintiff's Eighth Amendment medical care claim because the TAC "failed to sufficiently allege personal involvement by Pierce, Parker, Phelps, and Coupe," and provided "no more than conclusory allegations." (*Id.* at 10-11)

To address the deficiencies of the TAC, Plaintiff filed a Fourth Amended Complaint ("FAC"). (D.I. 56) The FAC includes new allegations, including: (1) "numerous medical personnel have confirmed that they were ordered not to provide medical or mental health treatment to the Building C inmates," (2) "[m]ultiple mental health workers [and medical staff employees] told Parkell that Pierce ordered that mental health care must be withheld," (3) that, "[a]s a result of these orders, Parkell's [separated ribs] were never treated [and his] mental health deteriorated to the critical state requiring intervention in order to likely save his life," and (4) once Parker was appointed interim warden, "his action was to permit the denials to continue." (D.I. 56 at ¶¶ 91-95) In addition, Plaintiff replaces general recitations of "Defendants" or "DOC" in the TAC with "Pierce and Parker" in the FAC. (*See, e.g.*, D.I. 56-1 at ¶¶ 100, 103)

Defendants contend that these amendments are insufficient to overcome the Court's prior Order (D.I. 59 at 3-4), and the Court agrees. Naming Pierce and Parker may obviate the Court's first conclusion – that Plaintiff failed to "'identify an individual who allegedly committed the wrongful act or who failed to take action.'" (D.I. 50 at 11) (quoting *Restrepo v. Phelps*, 2018 WL 1664972, at *4 (D. Del. Apr. 6, 2018)) However, Plaintiff did not adequately address the Court's second conclusion – that "there are no specific factual allegations in the [Complaint]

---

[1] The Court also explained the relevant legal standards for motions to dismiss and Eighth Amendment violations, which are incorporated (and will not be repeated) here.

2

regarding any of those Defendants to support that assertion or to suggest that Defendants were aware of the denials of care yet did nothing to address them." (*Id.*) (citing *Stones v. McDonald*, 7 F. Supp. 3d 422, 436 (D. Del.), *aff'd*, 573 F. App'x 236 (3d Cir. 2014) (requiring "allegations of *specific facts* showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights") (emphasis added))

Plaintiff's new allegations are too conclusory to be presumed true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (noting that bare allegations that defendant was "principal architect" of a policy are "conclusory and not entitled to be assumed true"). Plaintiff, for instance, does not plead any *specific* facts concerning (1) DOC lockdown and medical policies, or any departures from those policies, (2) who had the power to create such policies or order such departures, (3) the names of any medical workers who informed Plaintiff of Pierce's alleged order (and/or when Plaintiff was informed), (4) sworn statements from the James T. Vaughn Correction Center ("VCC") staff or medical workers that the order existed, or other inmates identifying specific injuries from the February 2017 uprising that also went untreated as a result of the alleged policy or departure therefrom, and/or (5) any other indication that Defendants directed or were deliberately indifferent to the withholding of medical care. As for Plaintiff's own alleged injury, he presents no specific allegation as to when he requested medical attention for his separated rib, that he was denied medical attention, who denied the medical attention and when, and/or what "intervention" was required to "likely save his life." (*See* D.I. 56 at ¶¶ 94-95) Without more, the Court's statements concerning the TAC apply equally to the FAC: "Parkell's contention that Pierce, Parker, Phelps, and Coupe ordered the withholding of care amounts to no more than a conclusory allegation and is insufficient to show personal involvement." (*Id.*)

3

b. Defendants' motion is DENIED with respect to Plaintiff's Eighth Amendment failure to protect claim.

Plaintiff's allegations remain substantively similar and his FAC addresses some deficiencies noted in the Court's prior Opinion. (*Compare* D.I. 50 at 16, n.6 (refusing to consider 2005 task force report and CLASI Order because they were not integral to TAC) *with* D.I. 56 at ¶¶ 33, 47-49 (discussing with specificity 2005 task force report and CLASI Order)) Plaintiff's amendments do not require reconsideration of the Court's prior decision. The FAC claim is at least as well-pled as the analogous TAC claim.

Defendants also incorporate their motion for reargument regarding the TAC into their motion to dismiss the FAC. (D.I. 59 at 5) In particular, Defendants assert that the Court *must* decide the issue of qualified immunity at this time, and that Plaintiff had failed to identify a clearly established right with the requisite specificity to overcome such immunity. (D.I. 54 at 3-10) The Court is not persuaded that its prior Opinion and Order were incorrect, or that the outcome should be any different as to the FAC.

District courts are strongly encouraged to resolve the question of qualified immunity as early as possible. *See Barkes v. First Correctional Med., Inc.*, 766 F.3d 307, 330 (3d Cir. 2014), *rev'd on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Often, the issue may be resolved on a motion to dismiss, to best serve the policy considerations underlying qualified immunity, *see generally Thomas v. Independence Tp.*, 463 F.3d 285 (3d Cir. 2006), but this is not always required or possible. While Defendants rely on the Third Circuit's statement in *Barkes* that "'the determination of qualified immunity *must* be made at an early stage in the litigation,'" 766 F.3d at 330 (quoting *Vaughn v. U.S. Small Bus. Admin.*, 65 F.3d 1322, 1326 (6th Cir. 1995)) (emphasis added), "an early stage" does not necessarily equate to "a motion to

dismiss." Indeed, *Barkes* addressed qualified immunity at summary judgment. *See id.* The Court will again "deny the motion to dismiss based on qualified immunity without prejudice to renew on a fuller record." (D.I. 50 at 21; *see also id.* at 18 ("There are sufficient factual allegations to allow for the ***reasonable inference*** that the siege would not have occurred in the absence of the challenged staffing and other personnel policies.") (emphasis added))

March 31, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE