IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DONALD D. PARKELL,

    *Plaintiff*,

v.

WARDEN DAVID PIERCE, *et al.*,

    *Defendants*.

No. 1:17-cv-00157-SB

---

James S. Green, Jr., Jared T. Green, SEITZ, VAN OGTROP & GREEN, P.A., Wilmington, Delaware.

    *Counsel for Plaintiff*.

James D. Taylor, Jr., Jessica M. Jones, Juliana G. Clifton, Marisa R. De Feo, SAUL EWING ARNSTEIN & LEHR LLP, Wilmington, Delaware; Arthur D. Kuhl, Matthew R. Hindley, REGER RIZZO & DARNALL LLP, Wilmington, Delaware.

    *Counsel for Defendants*.

---

**MEMORANDUM OPINION**

November 7, 2023

BIBAS, *Circuit Judge*, sitting by designation.

Plaintiffs are the masters of their cases. But they must pursue relief diligently. They cannot delay forever.

Donald Parkell sued over a prison riot that occurred while he was incarcerated. But he has failed to litigate that suit. Though his counsel has diligently tried to move his case forward, he cannot do so without Mr. Parkell's help. Mr. Parkell has failed to cooperate in discovery—most recently skipping a deposition—despite years of extensions and warnings. So I grant with prejudice Defendants' motions to dismiss his claim for failure to prosecute. *See* D.I. 168, 169.

## I. THE COURT HAS GIVEN MR. PARKELL EXTRAORDINARY LEEWAY

This case has a long history. In 2017, Donald Parkell filed suit, alleging various constitutional violations on behalf of himself and a purported class of other unnamed inmates in connection with the Defendants' response to a prison riot at the James T. Vaughn Correctional Center. D.I. 1. This Court denied class certification and dismissed most of his claims, leaving only his individual Eighth Amendment claim for failure to protect. *See* D.I. 50, 63.

Following many amended complaints, revised scheduling orders, deadline extensions, and attempts at alternative dispute resolution, the case was reassigned to me in March 2022. A little over a month later, I got a letter from Mr. Parkell's court-appointed counsel, Jared Green. Mr. Green explained that he had been having "extreme difficulty getting in contact with Mr. Parkell … frustrat[ing] attempts to respond to discovery requests and, more generally, move this matter along according to" this Court's prior scheduling order. D.I. 112, at 1. But he also explained that, "after

over five … months of no contact," he had finally spoken with Mr. Parkell and explained to him that they needed to "get the ball rolling." *Id.* at 2. In response to this update, I pushed the discovery deadline back to October 2022 and the trial to May 2023. D.I. 113.

But Mr. Parkell's communication with his counsel was spotty. So in October 2022, Mr. Green moved to withdraw as his lawyer. Mr. Green explained that throughout 2022, Mr. Parkell "ha[d] been either missing with no update to counsel, completely nonresponsive, or dismissive of counsel's requests for assistance with the prosecution of this matter." D.I. 124, at 2. And when Mr. Green gave Mr. Parkell discovery tasks to complete or assist with, he failed to do so, "despite weekly and, at times, daily reminders." *Id.*

I scheduled a hearing on this motion for October 28. Mr. Parkell appeared, explained that he was struggling with his mental health, and told me he would try to remain in contact with Mr. Green and to actively litigate his claim. So I gave him another chance and held the motion to withdraw in abeyance. But I warned him that if he did not resume active contact with Mr. Green, I would grant the motion to withdraw in the new year. D.I. 145.2.

On January 9, 2023, Mr. Green informed me that, despite repeated efforts to contact Mr. Parkell, he had been unreachable since the October hearing. D.I. 144, at 2. Mr. Green also informed me that Mr. Parkell had been incarcerated again a few days earlier. *Id.* Despite my previous warning, I chose to give Mr. Parkell leeway yet again. I told him he had one last chance to "resume[] active contact with Mr. Green by

3

January 31," otherwise I would grant the motion to withdraw and "begin the process to dismiss for failure to prosecute." D.I. 145.2.

On January 17, Mr. Green got a handwritten letter from Mr. Parkell stating that he would be "out on bail soon" and would "sit with [Mr. Green] in the near future to go over everything." D.I. 147, at 2 (internal quotation marks omitted). Because of this letter, I gave Mr. Parkell more time and urged him to "resume contact with Mr. Green no later than March 3." D.I. 148, at 1. And I again warned him of the consequences if he did not. *See id.*

In March, I ordered Mr. Parkell to sign a medical authorization form by March 31 to allow Defendants to access his medical records related to his alleged injuries. D.I. 152. He had ignored Defendants' request for him to complete this form for months, so I explained if he did not sign it by the end of March, I might dismiss his case. *Id.* Then, Mr. Parkell did complete the authorization form.

Given this small step forward, I agreed to extend the deadlines one last time. I moved the discovery deadline to October 17 and the dispositive motions deadline to November 17. D.I. 159. But I noted that this "case has already been delayed several times," so if Mr. Parkell "refuses to prosecute his case, I will use my power to dismiss it on the merits." *Id.*

On October 18, the day after the discovery deadline, I asked the parties for a status report. In it, Defendants explained that although there was no written discovery outstanding, they still had not been able to depose Mr. Parkell because of his "repeated absences and the difficulty Mr. Green had communicating with him." D.I. 167.,

at 1. After learning that Mr. Parkell was incarcerated again, they had scheduled to depose him in prison in mid-October. *Id.* But before they were able to do so, he was released from custody. *Id.* So Defendants rescheduled the deposition for October 27. *Id.*

On October 25, the Court called Mr. Parkell to remind him of this deposition and warned him that if he did not show up for it, the Court would likely dismiss his case for failure to prosecute. D.I. 167.1. On the phone call, he confirmed that he understood and that he would attend the deposition.

Despite these assurances, Mr. Parkell did not show up for the deposition. So I now consider Defendants' motions to dismiss for lack of prosecution.

## II. MR. PARKELL HAS FAILED TO PROSECUTE HIS CASE

"If the plaintiff fails to prosecute…, a defendant may move to dismiss the action…." FED. R. CIV. P. 41(b). And though it "is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action." *Lane v. Hundley*, 319 F.R.D. 478, 479 (D. Del. 2017).

In deciding whether to dismiss for failure to prosecute, I consider the six *Poulis* factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal…; and (6) the meritoriousness of the claim or defense." *Id.* (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). But I need not find that every factor weighs against Mr. Parkell to dismiss this case. *Id.* (citing *Emerson v. Thiel Coll.*, 296 F.3d 184, 190

(3d Cir. 2002)). And here, the balance is clear: almost every factor points towards dismissal.

*First*, Mr. Parkell's counsel has performed his duties well. He repeatedly tried to contact Mr. Parkell. He consistently sought to track down his whereabouts. He reminded him weekly and even daily to complete discovery responses. And he actively tried to move this case forward in Mr. Parkell's prolonged absences. The Court also repeatedly reminded Mr. Parkell of the deadlines and warned him of the consequences of failing to meet them. The Court even called him to ensure that he would attend his deposition. All to no avail. So the responsibility falls squarely on Mr. Parkell.

*Second*, Defendants are prejudiced here. Prejudice occurs when a plaintiff's unresponsiveness "impedes defendant[s'] ability to prepare a trial strategy or otherwise resolve the dispute." *Id.* Mr. Parkell repeatedly ignored Defendants' discovery requests and delayed in responding to them. Then, he did not show up to his deposition, depriving Defendants of the chance to learn the details underlying his allegations. It would be unfair to grant further deadline extensions and to expect Defendants to keep trying to track down Mr. Parkell in a likely futile effort to depose him.

*Third*, Mr. Parkell has consistently failed to move this case forward. It is now almost seven years old. This Court has granted many extensions and revisions to scheduling orders. But each led only to Mr. Parkell's continued failure to communicate with his counsel. And he has ignored this Court's reminders and warnings at

6

every turn. Mr. Parkell has shown a pattern of "dilatoriness" over several years. And he has shown me no sign that this pattern will change.

*Fourth*, Mr. Parkell's behavior suggests willfulness. Despite repeatedly assuring this Court that he would comply with deadlines and would resume active contact with his counsel, he did not. He also assured the Court that he would attend the October 27 deposition and that he understood that I would likely dismiss his case if he failed to show up. But again, he did not. And he has never explained his absence.

This kind of behavior has happened too often over the lifespan of this case. Based on my observation of Mr. Parkell at the October 2022 hearing and his responses to my questions, I find that he has acted willfully, or at least recklessly, in failing to move this case forward. I do not believe that all or most of the delays are due to being in custody, his ill health, or circumstances beyond his control. This factor favors dismissal too.

*Fifth*, monetary sanctions would be ineffective because Mr. Parkell filed this suit pro se and now has court-appointed counsel. *See id.* at 480.

*Sixth*, given the lack of meaningful discovery in the case, I cannot assess the merits of Mr. Parkell's claim. So this factor weighs neither for nor against him.

Because not one factor points in the other direction, dismissal for failure to prosecute is warranted here. But I do not take this step lightly. Mr. Parkell—a serial litigant before this Court—has had every chance to press his claim. I have extended deadlines, stayed litigation, held his counsel's motion to withdraw in abeyance, and used every reasonable method to contact him.

Admittedly, Mr. Parkell has been hindered by being in and out of custody and his struggles with mental health. But the pattern of delays is too protracted to blame on either issue. I see no viable path forward for this case. Mr. Parkell has shown no signs of actively litigating it, and I cannot grant extensions forever. So dismissal is the only appropriate response.

* * * * *

Mr. Parkell has failed—for many years—to prosecute his suit. This Court has given him more than a fair chance to move his case forward. But he has not. So I grant with prejudice Defendants' motions to dismiss for failure to prosecute, and I grant Mr. Green's motion to withdraw from this case as Mr. Parkell's counsel. I also thank Mr. Green for his patient service as an officer of this Court.